Swing, J.
The main ground of error relied on is as to the liability of said company for damages inflicted on said Reeder’s property by the caps and engines of said company while operating on their main track, while at the same time cars were attached to said engines, and cars are on the main track of said company in the street in front of or near to said Reeder’s premises.
The action was brought by Reeder under sec. 3283 Revised Statutes, for damages for the construction of defendant’s tracks in a street in Riverside, Hamilton county.
The court of common pleas held in its rulings on the evidence and its charge to the jury that Reeder could recover for damages inflicted on his property by the engines and the cars of the defendant company while attached to cars which at the time were on the company’s track in the street, although the engines and cars might at the time be on the main track of said company. We do not think this position can be maintained. The language of the section is: “ But every company which lays a track upon any such street, alley, road or ground, shall be responsible for injuries done thereby to private or public property lying upon or near to such ground.”
Our Supreme Court, in 45 Ohio St., page 309, has held that in an action like this “ it is competent to take into consideration evidence of substantial injury and loss to the property, etc., caused by smoke, noise and sparks of fire, occasioned by running of locomotive and cars along the track in front of the property,”
It is. claimed by counsel for Reeder that the principles stated in this case are decisive of the question at issue, but'we do not *356 think that the decision goes that far. In our judgment none of the authorities cited by either counsel are directly in point, or give us much aid in arriving at a conclusion .as to the rights of the parties on the rulings of the court on the question now under consideration.
There is and can be no dispute but that Reeder is entitled to all damages to his property by reason of the construction of the track' in the street, and all damages by reason of the operation of the track in the street. That is to say, that in the operation of the track, while the engine is on the track in the street, making noise, emitting smoke and sparks, obstructing the street, Reeder has a right to recover the damages done thereby. ‘ And of course, while the cars of the company are on this street, obstructing its use, making noises, Reeder would be entitled to damages for his injuries. But often the cars and engines get off this track in the street, and are on either the main track of the company, which has been there for thirty years, or on the tracks of the, company on plaintiff’s own ground. Is the plaintiff entitled to damages on account of .that ? Certainly not, unless the engines and cars are at the instant attached to cars or engine which are at that time on the track in the street.
Suppose an engine to leave this city for the purpose of bringing cars from the company’s yard over this track- onto the main track, and suppose it to stop within one foot of this track, and while there send forth smoke, sparks, etc., certainly Reeder would not be entitled to damages for injuries then done. Suppose the engine to go on this track, get a train of cars and come back to the identical spot, and damage Reed-er’s property by its smoke, etc., as before; should Reeder be entitled to damages for the injury in the one case and not in the other ? And suppose again, that the company is liable because the engine is linked to cars which at the time is on the track, that the connecting link is removed, and the engine stands in the same place. In all of these supposed cases the track in question is in some manner the cause of the injury; *357 but only when the engine is on the track is it the only and'direct cause. The operation of the- engine in the company*®yard, and on the main track, when the engine is at those particular places, even when cars are attached to it which are on this-track, are just as much causes, if not.more so, than when on this-particular track. The operation of the company’s main track is not legally injurious to Reeder — the operation of the track in the street is. When both are operated, Reeder, should not be entitled to damages caused by both, because he would be for the one. Such damages in our judgment are too remote. They do not flow directly and immediately from this wrongful cause.
Harmon, Colston, Goldsmith & Hoadly, for plaintiff in error.
John 8. Conner, for defendant in error.
This question was raised by numerous exceptions to the evidence and the charge to the jury. We deem.it sufficient to refer to it in this general way, without calling attention to any of the particular exceptions.
We think the court erred in its view as to the law on thik question, and the judgment, therefore, will, be reversed and remanded for further proceedings.